# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|                          | )                        |
|--------------------------|--------------------------|
| UNITED STATES OF AMERICA | )                        |
|                          | ) Crim. No. 09-123       |
| v.                       | ) Crim. No. 09-301       |
|                          | )                        |
| BRYANT R. FILTER         | )                        |
|                          | )                        |

## MEMORANDUM OPINION

Bryant R. Filter ("defendant") seeks the return of certain personal property from the government pursuant to Federal Rule of Criminal Procedure 41(g). (09-123, ECF No. 59; 09-301, ECF No. 68.)[1] For the reasons set forth below, defendant's motion will be denied.

## I. PROCEDURAL AND FACTUAL BACKGROUND

### A. Guilty Pleas and Sentence

On February 22, 2010, defendant pleaded guilty in Criminal Action No. 09-123 to one count of wire fraud in violation of 18 U.S.C. § 1343 and one count of mail fraud in violation of 18 U.S.C. § 1341. (09-123, ECF No. 37.) Defendant also pleaded guilty in Criminal Action No. 09-301 to one count of bank fraud in violation of 18 U.S.C. § 1344, one count of wire fraud in violation of 18 U.S.C. § 1343, and two counts of mail fraud in violation of 18 U.S.C. § 1341. (09-301, ECF No. 44.) This court sentenced defendant to 135 months imprisonment in each case, to concurrently run. (09-123, ECF No. 44; 09-301, ECF No. 37.) In Criminal Action Number 09-123, the court determined that defendant owed restitution totaling $3,917,397.03, and entered an in personam forfeiture judgment. (ECF No. 37 at 8). The judgment specifically noted that "any monies generated from the sale of property seized from the defendant shall be

---

[1] Unless otherwise noted, all citations to the docket refer will refer to the first-filed action; Criminal Action Number 09-123.

used to pay restitution to the victims." (ECF No. 45 at 29.) In Criminal Action Number 09-301, the court determined that defendant owed restitution totaling $76,461.40. (09-301, ECF No. 44.)

    B. **The Seized Property and Its Return**

The government seized several items belonging to defendant after defendant's arrest and without a search warrant. The properties included: a Dell Laptop pp331, Dell Monitor, Apple Laptop, Dell Tower, Dell Dimension Tower, iPod, AT&T Blackberry phone, AT&T LG phone, one mobile device, family photos, tax and financial paperwork, marriage counseling paperwork, and a folder of bills. (ECF Nos. 59 at 1; 62 at 1; 64 at 1.) These items are the same properties that defendant seeks to have returned by this motion.

On June 14, 2010, defendant's attorney contacted the government's attorney at the request of the defendant, seeking information about "a return of seized computer equipment." (ECF No. 62-1 at Ex. A). In this email, defendant's attorney stated that the defendant's wife, Lisa Filter, would be the contact person for "this requested information." Id. On August 15, 2011, the government returned the property that had been seized from the defendant, through Postal Inspector Ken Wiloch ("Wiloch"), to defendant's then-wife, Lisa Filter.

Defendant does not allege that he instructed the government to return the seized property to anyone other than Lisa Filter at any time. (ECF No. 59.) Less than a month after defendant's counsel emailed the government about the return of the property, defendant, proceeding pro se, filed a motion to vacate. (ECF No. 48.) On October 19, 2010, this court denied that motion (ECF No. 52), and the Court of Appeals for the Third Circuit issued an order denying the defendant's application for a certificate of appealability on April 15, 2011 (ECF No. 57). The government returned the property at issue to Lisa Filter four months later. (ECF No. 62-2 at Ex. B.)

When the government returned defendant's property, on August 15, 2011, Wiloch and Lisa Filter each signed a receipt acknowledging the return of the items. . (ECF No. 62-2 at Ex. B.) Lisa Filter acknowledged the return of 13 categories of items by initialing on a line next to the following items: one Dell Laptop pp331, one Dell large monitor, one Apple laptop, one Dell Dimension Tower, one Dell Tower, one iPod, one AT&T Blackberry, one AT&T LG Cell phone, one mobile device, various tax and financial paperwork, several family photographs, marriage counseling paperwork, and a folder of old bills. (Id.) The items listed on this receipt match the items requested by defendant in his motion.

### C. **Defendant's Motion for Return of Seized Property**

Defendant filed a motion for return of seized property, pro se, on February 23, 2015, three and a half years after the government returned the property to Lisa Filter and almost five years after defendant's former counsel asked the government, at defendant's request, to contact Lisa Filter about returning the property. (ECF No. 59.) In his motion, defendant acknowledges that the property was returned to Lisa Filter, but claims that the return of the property to his wife was improper and inconsistent with Rule 41(g) because he and his wife were "legally separated" at the time the property was returned, and he was not notified of the return of the property until months later. (Id. at 1.) Defendant requests, in this motion, that the items be returned to his stated guardian, Janice K. Pitch, or that he receive money damages equivalent to the value of the property. (Id. at 2.)

The government contends that the email regarding the properties and identifying Lisa Filter as a contact person constitutes authorization for return of the properties to Mrs. Filter and notice to the defendant of that return. (ECF No. 62 at 5). The government asserts that because there is no dispute that the government no longer possesses any of the properties, as

3

evidenced by the receipt signed by Lisa Filter and Wiloch, defendant is not entitled to any relief. (Id. at 4.) According to the government's response, government officials interviewed Lisa Filter on March 19, 2015, concerning the August 15, 2011 return of defendant's properties, at which time she stated that: 1) she received those items, 2) the defendant agreed to her receipt of the items, 3) she and the defendant were not separated when she received the items, 4) the defendant agreed to her selling some of the property, and 5) she had originally purchased a majority of the property for the defendant. (Id. at 2-3.) The response includes no transcript or report of this interview, however.

The government contends that defendant's motion can be resolved without an evidentiary hearing because the government can show what happened to the property and that it no longer possesses the property. (ECF No. 62 at 4.) The government also argues that money damages are unavailable under Rule 41(g), because the government has not waived its sovereign immunity under that rule. (Id. at 6).

In his reply, filed on April 21, 2015, defendant argues that the property at issue "was not returned in a manner consistent with due process, and that an evidentiary hearing is necessary" (ECF No. 64 at 2), though he did not raise a due process argument in his initial motion (ECF No. 59). Defendant provides no standards for determining a due process violation in these circumstances. Defendant concedes that Rule 41(g) does not provide for money damages as a remedy. (ECF No. 64 at 2). Defendant also concedes that the government no longer possesses the property at issue; but he argues that the issue of the propriety of the government's return of the property to Lisa Filter constitutes a sufficient factual dispute to require an evidentiary hearing. (Id.) Defendant disputes that he consented to the government's initial taking of the property following his arrest. (Id.)

4

Defendant objects to the government's reliance on statements purportedly made by Lisa Filter during a March 19, 2015 interview because no sworn affidavit or transcript of the interview was ever filed. (ECF No. 64 at 3.) He questions the authenticity of those statements and argues that an evidentiary hearing is still required to determine whether Lisa Filter was properly deemed an authorized recipient of the property at issue. (Id.) With respect to this issue, defendant disputes that he ever had a meaningful opportunity to specify a proper recipient of the property because he never received any real notice of the return to Lisa Filter. (Id. at 4). Finally, the defendant argues that the government's lack of possession of the property is not dispositive and that an evidentiary hearing is still required to determine the propriety of the government's disposition of the property. (Id. at 5).

## II. LEGAL STANDARDS

Federal Rule of Criminal Procedure 41(g) provides that, "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." FED. R. CRIM. P. 41(g). The rule requires that the motion be filed in the district where the property was taken and that the court must receive any evidence necessary to decide factual issues relating to the motion. Id. If the court grants the motion, then "the court must return the property," but may include conditions which would allow for later access to the property for purposes of any later court proceeding. Id.

A motion under this rule may be used to retrieve any property that is still held by the government. When the government states that it does not possess the property at issue, however, the court must determine "whether the government retains possession of the property" and, if not, "what happened to the property." United States v. Chambers, 192 F.3d 374, 378 (3d

5

Cir. 1999). An evidentiary hearing is required only when there is a "disputed issue of fact" with respect to either of these questions. Id.

When there is "no dispute as to the fact that the [property has] been transferred by the [government] to [third parties]," then the court may determine the relevant facts for the Chambers inquiry without an evidentiary hearing. Peloro v. United States, 488 F.3d 163, 178 (3d Cir. 2007). The decision about whether an evidentiary hearing is required "is left to the sound discretion of the District Court." United States v. Albinson, 356 F.3d 278, 284 (3d Cir. 2004).

The only remedy provided for by Rule 41(g) is the return of the property at issue. Money damages are not available under the rule. United States v. Bein, 214 F.3d 408, 413 (3d Cir. 2000).

### III. DISCUSSION

#### A. Money Damages Not Available

While defendant initially sought money damages if his property could not be returned, he has since conceded that money damages are unavailable under Rule 41(g). This concession is consistent with the holding of Bein, which recognizes that return of the property is the only available remedy under the rule. Bein, 214 F.3d at 413 (holding that Rule 41(g) does not waive the government's sovereign immunity and that the rule "only provides for one express remedy—the return of property"). Therefore, defendant has no legitimate claim to recover money damages from the government. Defendant's motion must be denied in this respect.

#### B. Evidentiary Hearing Not Required

Defendant is not entitled to an evidentiary hearing. A hearing is only required when there is a disputed issue of fact regarding either the government's possession of the property or what happened to it. See Chambers, 192 F.3d at 378. Defendant explicitly concedes

6

that the government no longer possesses the property. (ECF No. 64 at 2). The documentary evidence establishes what happened to the property: Wiloch returned it to Lisa Filter on August 15, 2011. See Chambers, 192 F.3d at 377. Defendant does not dispute that Lisa Filter received the property. (ECF No. 59 at 1). Defendant does dispute the content of the government's alleged March 19, 2015 interview with Lisa Filter, and objects to the government's reliance on statements made by her during the interview. The court, however, need not resolve these disputes because the court need not consider the March 2015 interview in ruling on defendant's motion.

The government presented sufficient documentary evidence for the court to make the necessary determinations without the need for an evidentiary hearing. This court has regularly held that evidence similar to the receipt listing the property items at issue and signed by the government official and the recipient constitutes sufficient proof of whether the government possesses the property and what happened to the property. See, e.g., United States v. Askew, No. Crim. 03-244-2, 2014 WL 4265836 at *5 (W.D. Pa. Aug. 29, 2014) (holding that a list of returned personal items identical to the list of items sought by the defendant combined with the government official's handwritten receipt constituted sufficient evidence); United States v. Shibley, No. Crim. 03-269, 2006 WL 2472852, at *2 (W.D. Pa. Aug. 28, 2006) (holding that a signed inventory, listing the items that the government possessed, constituted sufficient evidence of its non-possession of the property at issue). The receipt presented by the government in this case, dated August 15, 2011, which is signed by the government official and by Lisa Filter and which lists the same property sought by defendant in these proceedings, constitutes sufficient documentary evidence that the government does not possess the property and returned it to Lisa Filter on August 15, 2011. (ECF No. 62-2.) This evidence is sufficient for the court to resolve

the required inquiry and eliminates any disputed issue of fact, making an evidentiary hearing unnecessary.

Defendant asserts that an evidentiary hearing is required with respect to his claim that his property was illegally seized at the time of his arrest; but neither Rule 41, nor any case law, supports his assertion. (ECF No. 64 at 2). Evidentiary hearings pursuant to Rule 41 are only used to determine whether the government still possesses the property and, if not, then what happened to the property. See Chambers, 192 F.3d at 378. An evidentiary hearing is improper in the present case to determine whether the property was illegally seized at the time of defendant's arrest. See Peloro, 488 F.3d at 178. Defendant's proper remedy for any alleged unlawful seizure is a Rule 12 motion to suppress, FED. R. CRIM. P. 12, rather than a Rule 41(g) motion. United States v. Douleh, 220 F.R.D. 391, 397 (W.D.N.Y. 2003) (holding that the defendant's unlawful seizure claim could be remedied by a Rule 12 motion to suppress, "therefore, his Rule 41(g) motion [was] not appropriately before this Court and should be denied"). Defendant waived his right to challenge the government's seizure of his property by pleading guilty. See FED. R. CRIM. P. 12(b)(3)(C). Therefore, the question of the legality of the seizure of defendant's property is not at issue in relation to the present motion.

C. **Other Arguments**

1) **Objections Concerning Lack of Notice**

Defendant argues that he was given no meaningful opportunity to object to the return of his property to his then-wife, Lisa Filter. (ECF No. 64 at 4). Defendant, however, provides no case or statutory law establishing that defendant is entitled to an opportunity to object to a return of seized property. Regardless whether such an opportunity must be provided, in this case defendant was given an opportunity to specify the recipient of his property: his

8

attorney, by email and at defendant's request, designated his then-wife, Lisa Filter, as the recipient. (ECF No. 62-1 at Ex. A). The government relied upon that communication in returning defendant's property to Lisa Filter several months after his motion to vacate was adjudicated. Defendant never notified the government, between June 14, 2010 and August 15, 2011, that he had changed his mind about who should receive the property. See United States v. Johnson, Crim. No. 04-793, 2013 WL 1749975, at *5 (D.N.J. Apr. 22, 2013) (allowing the government to rely on the representations of the defendant's former attorney in disposing of the property, despite the defendant's claimed lack of permission for the disposal).

      Defendant's related argument, concerning the lack of notice to him of the property's return, similarly fails. Defendant claims that the return of his property to his then-wife violated his rights of due process because he had no notice of the return. (ECF No. 64 at 4). Defendant, however, provides no case or statutory law establishing that defendant is entitled to notice that property has been returned. While notice is required when the property is forfeited to the government, there is no similar notice requirement when the property is returned. See Johnson, 2013 WL 1749975, at *5 (holding that the notice requirement is inapplicable when there are no forfeiture proceedings). In fact, the Court of Appeals for the Third Circuit has found no violation of due process when property is returned without the defendant's knowledge. See United States v. Jackman, 248 F. App'x 333, 335 (3d Cir. 2007). Regardless, in this case, defendant acknowledges that he knew, within, at most, months, that Lisa Filter obtained his property, yet he waited more than three years to object to her receipt of it. (ECF No. 59 at 2) ("Mr. Filter is saying…that he found out weeks and/or months later than the items had been returned to Lisa M. Filter.")

Under these circumstances, defendant's arguments about lack of notice are not well-founded.

### 2) Objections to Lisa Filter's Receipt of Property

Defendant objects to the government's transfer of the property at issue to his then-wife, Lisa Filter. The propriety of the transfer of property to a particular third-party holds no place in the analysis under Rule 41(g), or the Chambers inquiry. See, e.g., Jackman, 248 F. App'x at 335 (holding that no evidentiary hearing was required after the government showed that it returned the property at issue to the imprisoned defendant's residence to his then-girlfriend who then sold the property); Peloro, 488 F.3d at 177-178 (holding that the lack of a dispute concerning the fact that the property was transferred to the Trustee or the Trustee's representative, rather than the former owner, allowed the court to deny the Rule 41(g) motion).

Even if defendant's argument concerning the propriety of the transfer of the property to his then-wife, Lisa Filter, was relevant, the three and a half years between the transfer of the property to her and defendant's motion for the return of the property, and the more than five years between the seizure of the property and defendant's motion for its return would bar relief as a matter of equity. Even if defendant and his wife were separated, as of August 15, 2011, it does not follow that it was improper for the government to return the property to her. Many people other than a current spouse may receive returned property. See United States v. Askew, No. Crim. 03-244-2, 2014 WL 4265836 (W.D. Pa. Aug. 29, 2014) (holding that the government's return of the requested property to the defendant's sister constituted a proper return); Peloro, 488 F.3d at 177-78 (holding that the return of the requested property (securities) to an unrelated Trustee of the property, rather than to the former owner, constituted a proper

return). Therefore, defendant's separation from his wife does not make the government's transfer of the property to her improper.

Defendant's contention that Lisa Filter was not an authorized recipient of his property fails as a matter of fact. As previously summarized, Lisa Filter was designated, by defendant's attorney, as the contact person regarding the property. Over the course of more than a year, during which time defendant litigated a pro se motion to vacate, defendant never indicated to the government that Lisa Filter could no longer be contacted regarding the property. The government reasonably relied on this email. This finding is consistent with that of other district courts that have ruled on similar Rule 41 motions. See, e.g., Johnson, Crim. No. 04-793 JBS, 2013 WL 1749975, at *5 (holding that the government properly disposed of the defendant's property when it donated the property based upon the representation of the defendant's former attorney); United States v. Cineus, No. 05-60050-CR, 2006 WL 3618448, at *2 (S.D. Fla. Nov. 9, 2006) (holding that the government properly returned defendant's property to defendant's attorney, as the attorney had apparent authority to receive the property based upon his own assertions concerning the property).

**3) Objections to Lisa Filter's Sale of the Property**

Defendant contends that he is entitled to relief because he never consented to Lisa Filter's sale of his property. (ECF No. 64 at 3.) The government had no part in the sale of his property. To the extent the property was sold, it was sold by Lisa Filter. Defendant's remedy is against her, not the government. See Jackman, 248 F. App'x at 335 (holding that defendant has no recourse against the government where previously-returned property was sold by an estranged partner).

11

## IV.    CONCLUSION

When faced with a Rule 41(g) motion, this court's only task is to determine whether the government still possesses the property and, if not, what happened to the property. Here, there is no dispute that the government returned the property to Lisa Filter on August 15, 2011. Defendant's arguments about lack of notice or opportunity to object and about Lisa Filter's authority to receive and sell the property are not relevant to resolving a Rule 41(g) motion. Even if they were, the record reflects that defendant authorized Lisa Filter to receive the property, defendant knew by early 2012, at the latest, that Lisa Filter had received the property, yet did not object to her receipt of it until 2015, and Lisa Filter sold the property without any government involvement.

For these reasons, defendant has no legal recourse against the government in relation to his Rule 41(g) motion for the return of property which the government previously returned to defendant's former wife. Therefore, defendant's motion is denied. An appropriate order will be entered contemporaneously with this opinion.


Dated:  August 12, 2015                                                                    BY THE COURT:


/s/ *Joy Flowers Conti*
Joy Flowers Conti
Chief United States District Judge


cc:    **BRYANT R. FILTER**
30354-068
Federal Correctional Institution
P.O. Box 1000
Milan, MI 48160